United States District Court

District of Massachusetts

```
                                      )
L&P Boston Operating, Inc.,           )
                                      )
          Plaintiff,                  )
                                      )
     v.                               )
                                      )   Civil Action No.
Window Nation, LLC,                   )   21-12069-NMG
                                      )
          Defendant.                  )
                                      )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This dispute between two window installation companies concerns alleged infringement of a trademark held by plaintiff L&P Boston Operating, Inc., d/b/a Window World of Boston ("plaintiff" or "L&P"). L&P claims that defendant Window Nation, LLC ("defendant" or "Window Nation") has infringed and diluted its trademarked phrase, "House Full of Windows Installed", through commercial use of similar terms.

Pending before the Court is the motion of L&P for a preliminary injunction (Docket No. 7) and the motion of Window Nation to dismiss the complaint (Docket No. 13). For the reasons that follow, the motion for a preliminary injunction

will be denied. The motion to dismiss will be allowed, in part, and denied, in part.

I.  **Background**

L&P is a Massachusetts corporation that sells and installs replacement vinyl windows, siding, doors and other home improvement products and services. It became the local franchisee of the national brand "Window World" in 2018. L&P avers that, since 2011, it and a predecessor entity have made "continuous, wide-scale use" of the phrase "House Full of Windows Installed" in various print, online and radio advertising materials. L&P advertises its products and services locally on numerous radio and television stations and, inter alia, has entered into a promotional agreement to be identified as the official replacement window of the Boston Red Sox. In 2012, L&P's predecessor entity registered the phrase "House Full of Windows Installed" as a trademark with the Secretary of the Commonwealth of Massachusetts.

In either 2020 or 2021, Window Nation entered the Massachusetts window replacement market and began to advertise its window replacement products and services with phrases such as "Whole House of Windows for $99" and "Get a Whole House of Windows for $99 a Month". Window Nation states that it commenced operations in 2006 and, since that time, has expanded into 15 different markets across the country. It avers that it

used similar phrases, i.e. phrases that offered windows for an entire house for a fixed monthly price, in other markets as early as 2014 and had no knowledge of L&P's Massachusetts trademark or advertising campaign.

Considering Window Nation's advertisements to have infringed and diluted its trademarked phrase, L&P brought this action in Massachusetts Superior Court for Middlesex County in December, 2021, seeking injunctive relief and asserting claims under M.G.L. c. 110H, §§ 13 and 14 ("Count I"), for infringement and dilution under M.G.L. c. 110H, §§ 12 and 14 ("Count II") and for violation of M.G.L. c. 93A ("Count III").  Window Nation timely removed to this court on the basis of diversity jurisdiction.  Shortly thereafter, L&P moved for a preliminary injunction (Docket No. 7) seeking to prevent Window Nation from using the allegedly infringing phrases and Window Nation moved to dismiss the complaint for failure to state a claim (Docket No. 11).

**II.   The Pending Motions**

    **A. Legal Standards**

In considering a motion for a preliminary injunction, the Court must weigh four factors: 1) the plaintiff's likelihood of success on the merits, 2) the potential for irreparable harm if the injunction is withheld, 3) a favorable balance of hardships and 4) the effect on the public interest. Jean v. Mass. State

Police, 492 F.3d 24, 26-27 (1st Cir. 2007).  Out of those factors, the likelihood of success on the merits "normally weighs heaviest in the decisional scales", Coquico, Inc. v. Rodriguez-Miranda, 562 F.3d 62, 66 (1st Cir. 2009), and if a plaintiff is unable to show a reasonable likelihood of success, "the remaining factors become matters of idle curiosity", Jean, 492 F.3d at 27 (quoting New Comm. Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002)).

The Court may accept as true "well-pleaded allegations [in the complaint] and uncontroverted affidavits." Rohm & Haas Elec. Materials, LLC v. Elec. Circuits, 759 F. Supp. 2d 110, 114, n.2 (D. Mass. 2010) (quoting Elrod v. Burns, 427 U.S. 347, 350, n.1 (1976)).  The Court may also rely on otherwise inadmissible evidence, including hearsay, in deciding a motion for preliminary injunction. See Asseo, 805 F.2d at 26.

Ultimately, however, the issuance of injunctive relief is "an extraordinary and drastic remedy that is never awarded as of right." Peoples Fed. Sav. Bank v. People's United Bank, 672 F.3d 1, 8-9 (1st Cir. 2012) (quoting Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011)).  It should issue "only where the intervention of a court of equity is essential in order effectually to protect property rights against injuries otherwise irremediable." Weinberger v. Romero-

Barcelo, 456 U.S. 305, 312 (1982) (citation and internal quotations omitted).

In contrast, to survive a motion to dismiss for failure to state a claim, the subject pleading must only contain sufficient factual matter to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).  A court also may not disregard properly pled factual allegations even if actual proof of those facts is improbable. Ocasio-Hernandez, 640 F.3d at 12.  Rather, the relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

**B. Application**

Although the relevant inquiries under Fed. R. Civ. P. 65 and 12(b)(6) differ, the pending motions present a common threshold question of statutory interpretation: whether Section 2 of the Massachusetts trademark statute, M.G.L. c. 110H, § 1 et seq. ("the Trademark Statute") categorically excludes from protection descriptive marks, regardless of whether they have acquired secondary meaning.

Under both Massachusetts and federal law, trademarks are classified on a scale of increasing distinctiveness. United States PTO v. Booking.com B.V., 140 S. Ct. 2298, 2302 (2020); United Oil Heat, Inc. v. M.J. Meehan Excavating, Inc., 129 N.E.3d 856, 861 (Mass. App. Ct. 2019). At the bottom are generic marks which merely refer to a class of products and services and are never eligible for trademark protection. United Oil Heat, 129 N.E.3d at 861-62. Next are descriptive marks which "convey an immediate idea of the ingredients, qualities, or characteristics of the goods to which they are attached", Boston Duck Tours, LP v. Super Duck Tours, LLC, 531 F.3d 1, 13 (1st Cir. 2008), and, like generic marks, are not inherently distinctive, Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 769 (1992). Unlike generic marks, however, federal law has long protected descriptive marks that have "become distinctive of the applicant's goods in commerce", id. (citing 15 U.S.C. § 1052(e),

-6-

(f)), in other words, marks that have acquired secondary meaning, Boston Duck Tours, 531 F.3d at 13. The rest of the scale is composed of suggestive, arbitrary and fanciful marks, all of which are inherently distinctive and none of which is relevant to this action because L&P has not argued that its mark is anything more than descriptive. Two Pesos, 505 U.S. at 768.

Window Nation contends that, unlike the federal Lanham Act, the Massachusetts Trademark Statute excludes descriptive marks from statutory protection, regardless of any secondary meaning that they may possess. It alternatively argues that L&P's purported trademark is generic or, if it is descriptive, that it lacks sufficient secondary meaning to entitle it to trademark protection even if such protection were contemplated by statute. L&P does not address the statutory issue and instead concentrates on its argument that "House Full of Windows Installed" is a descriptive mark which has acquired secondary meaning, assuming that statutory protection necessarily follows from such a showing.

Section 2 of the Trademark Statute provides for the registration of trademarks with the Secretary of the Commonwealth. M.G.L. c. 110H, § 2 (2007). Because most of the remedial provisions in the Trademark Statute extend only to registered marks, eligibility for registration is often, as a practical matter, a condition of protectability under the

statute. See, e.g., M.G.L. c. 110H, § 14 (providing for damages for infringement of registered mark). Section 2 states, in relevant part, that

> [a] mark by which the goods or services of an applicant for registration may be distinguished from the goods or services of others shall not be registered if it:
>
> (5) consists of a mark which:—
>
> (i) when used on or in connection with the goods or services of the applicant, is merely descriptive or deceptively misdescriptive of them,
>
> (ii) when used on or in connection with the goods or services of the applicant is primarily geographically descriptive or deceptively misdescriptive of them, or
>
> (iii) is primarily merely a surname, provided, however, that nothing in this clause shall prevent the registration of a mark used by the applicant which has become distinctive of the applicant's goods or services. The secretary may accept as evidence that the mark has become distinctive, as used on or in connection with the applicant's goods or services, proof of continuous use thereof as a mark by the applicant in the commonwealth for the 5 years before the date on which the claim of distinctiveness is made
>
> . . . .

Id. Registration serves as prima facie evidence of the registrant's exclusive right to use the registered mark. M.G.L. c. 110H, § 5(b).

Neither party has cited any case law construing Section 2 of the Trademark Statute, and the few reported decisions do not squarely address the question at hand. Nevertheless, it is plain from the terms of the statute that descriptive marks, except for surnames, are not entitled to trademark protection regardless of any distinctiveness that they may have acquired.

-8-

Descriptive marks are one of the three classes of marks enumerated in Section 2 that are not registrable, and the section makes no distinction between descriptive marks with secondary meaning and those without it. M.G.L. c. 110H, § 2(5)(i)-(iii).

Thus excluded, protection of descriptive marks with acquired meaning would require that an exception to that general prohibition apply, beyond the proviso in clause (iii) that allows the registration of certain surnames which have acquired secondary meaning. See M.G.L. c. 110H, § 5(iii).  The exception in the proviso in clause (iii) does not extend to clauses (i) and (ii) and thus has no effect upon marks such as the one here at issue. See M.G.L. c. 110H, § 12 (referring to a "clause" as a portion of text set off by a romanette); Black's Law Dictionary (11th ed. 2019) (defining "clause" as a "distinct section or provision of a legal document or instrument").  Further, unlike the federal Lanham Act, the Trademark Statute contains no separate provision which would extend protection to otherwise excluded descriptive marks that acquired secondary meaning. Compare 15 U.S.C. § 1052(2)(f) with M.G.L. c. 110H, § 2.

Nor does the Court construe the term "merely descriptive" in clause (i) to exclude from protection only descriptive marks which have not acquired secondary meaning. M.G.L. c. 110H, § 2(5)(i). Such an interpretation is difficult to reconcile with

-9-

the parallel construction in clause (iii) which encompasses marks that are "primarily merely a surname" and is, as discussed, followed by an exception for surnames which have acquired secondary meaning—an exception which would be unnecessary if "merely" already served the same function. M.G.L. c. 110H, § 2(5)(iii).

Comparison to other, similar statutes, including the Lanham Act and the prior version of the Trademark Statute, offers further support for this interpretation.  The Lanham Act excludes marks which are "merely descriptive" but, in a separate provision, makes an exception for those which have "become distinctive of the applicant's goods in commerce". 15 U.S.C. § 1052(2)(f).  Similarly, the analogous subsection of the prior version of the Trademark Statute applied the proviso now located in clause (5)(iii) to the subsection in its entirety. M.G.L. c. 110B, § 3 (repealed 2006).  The Model State Trademark Bill, which has served as model legislation in states throughout the United States, is materially identical. See 1 Gilson on Trademarks Appendix 1A, § 2 (2022) (reproducing Model State Trademark Bill).

The Court therefore concludes that L&P is not entitled to protection of the phrase "House Full of Windows Installed" under the Trademark Statute, regardless of whether it is generic or descriptive.  This conclusion is at odds with several decisions

rendered by state and federal courts that assume, albeit without significant analysis or citation, that the protections of the Lanham Act and the Trademark Statute are coterminous. See, e.g. Boston Granite Exch., Inc. v. Greater Boston Granite, LLC, No. 11-11898-JLT, 2012 U.S. Dist. LEXIS 122561, at *18 (D. Mass. Aug. 29, 2012) (citing Leejay v. Bed Bath & Beyond, Inc., 942 F. Supp. 699, 701 n.2 (D. Mass. 1996)).  Those cases, however, generally feature parallel state statutory and Lanham Act claims, see, e.g. id.; Commerce Bank & Trust Co. v. TD Banknorth, Inc., 554 F. Supp. 2d 77 (D. Mass. 2008), and cite in support of the similarity of the two statutes decisions issued prior to the 2007 revision to the Trademark Statute, at which point state and federal law did coincide, see, e.g. Boston Granite Exch., 2012 U.S. Dist. LEXIS 122561, at *18 (citing Leejay, 942 F. Supp. at 701 n.2); Milk Street Cafe, Inc. v. CPK Media, LLC, No. 16-11416-DJC, 2017 U.S. Dist. LEXIS 125731, at *33-34 (D. Mass. Aug. 9, 2017) (citing Boston Granite Exch., 2012 U.S. Dist. LEXIS 122561, at *18).  In light of the dearth of binding precedent and the clear contrary command of the statute, those decisions do not countermand this Court's conclusion.

L&P thus cannot maintain claims for infringement or dilution to the extent that those claims are predicated upon the registrability of its mark. See M.G.L. c. 110H, §§ 12, 14.  That

defect does not, however, entirely resolve this action because M.G.L. c. 110H, § 13, the statute pursuant to which L&P seeks injunctive relief, extends protection both to marks protected by statute and "valid at common law". M.G.L. c. 110H, § 13. Whether a common-law trademark is protectible is determined by the same standard applicable to the federal Lanham Act. See United Oil Heat, 129 N.E.3d at 860 ("In Massachusetts, the test for common-law trademark infringement is the same as under the Lanham Act."). As has been discussed, the Lanham Act—unlike the Trademark Statute—extends protection to descriptive marks that have become distinctive. Id. (citing Boston Beer Co. Ltd. P'ship v. Slesar Bros. Brewing Co., 9 F.3d 175, 181 (1st Cir. 1993)).

    The parties have not, however, satisfactorily addressed in their memoranda the common-law issue, and the Court declines to decide it upon the present record. The Court will direct the parties to submit supplemental briefing on the issue in the manner set forth in the following order.

**ORDER**

For the foregoing reasons, the motion of plaintiff L&P Boston Operating, Inc. for a preliminary injunction (Docket No. 7) is **DENIED**. The motion of defendant Window Nation, LLC to dismiss (Docket No. 13) is

- with respect to Count I, insofar as damages are sought under M.G.L. c. 114, § 14, **ALLOWED**, and
- with respect to Count II, **ALLOWED**,

but otherwise, **DENIED without prejudice**.

Plaintiff shall provide supplemental briefing with respect to Count I or file a motion to amend its complaint on or before Wednesday, September 28, 2022, and defendant shall file a response, if any, on or before Wednesday, October 12, 2022. **So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated:  September 7, 2022